# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 18-6867 PA (JPRx) | Date | August 14, 2018 |
| Title | Lamar Central Outdoor, LLC v. Jeffrey D. Moffatt, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendant Jeffrey D. Moffatt ("Defendant") on August 10, 2018. In its Complaint, plaintiff Lamar Central Outdoor, LLC ("Plaintiff") alleges three state law claims. Defendant, who is appearing pro se, asserts that this Court has subject matter jurisdiction on the basis of federal question jurisdiction under 28 U.S.C. § 1331.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction over only those matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, the plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. "A case may not be removed to federal court on the basis of a federal defense . . . ." Id. at 393, 107 S. Ct. at 2430, 96 L. Ed. 2d 318 (emphasis in original). The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1372 (9th Cir. 1987).

Here, the underlying Complaint alleges three causes of action: breach of contract, open book account, and account stated. Such claims do not arise under federal law. In an effort to nonetheless assert that federal question jurisdiction exists, Defendant alleges the following:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

| Case No. | CV 18-6867 PA (JPRx) | Date | August 14, 2018 |
|---|---|---|---|
| Title | Lamar Central Outdoor, LLC v. Jeffrey D. Moffatt, et al. | | |

> [T]his Court has subject matter jurisdiction under the Fair Debt Collection
> Practices Act 15 U.S.C. Section 1692, et seq and the Rosenthal Fair Debt
> Collection Practices Act California Civil Code Section 1788 et seq.,
> because Plaintiff and Plaintiff counsel Bemis, have filed a frivolous civil
> law suit against Defendant intentionally to harass Defendant in violation
> of the Federal Fair Debt Collections Act.

(Notice of Removal 6 (errors in original).) Thus, Defendant's argument that this Court has jurisdiction is premised entirely on Defendant's assertion that he has a federal counterclaim against Plaintiff. However, neither a federal defense nor a federal counterclaim may serve as a basis for removal. See Vaden v. Discover Bank, 556 U.S. 49, 61–62, 129 S. Ct. 1262, 173 L. Ed. 2d 206 (2009) ("Under the longstanding well-pleaded complaint rule, however, a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'"). Defendant has therefore failed to invoke this Court's federal question jurisdiction.

Accordingly, Defendant has not met his burden of showing that jurisdiction exists over this action. Because the Court lacks subject matter jurisdiction, this action is hereby remanded to Los Angeles County Superior Court, Case No. 18CHLC14920. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.